# UNITED STATES DISTRICT COURT
## Eastern District of Texas
### Sherman Division

| | | |
|---|---|---|
| **Angel Navarro**, individually and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**Huffines Denton Autos, Inc.**<br><br>Defendant | § § § § § § § § § § | <br><br><br>Civil Action No:  4:17-cv-741<br><br><br>Jury Demanded |

### Plaintiff's Original Collective Action Complaint

Angel Navarro ("**Plaintiff**"), individually and on behalf of all others similarly situated brings this Fair Labor Standards Act ("**FLSA**") suit against Huffines Denton Autos, Inc. ("**Defendant**").

1. **Nature of Suit.**

    1.1. Plaintiff and the putative members of the collective are/were oil change and lube service technicians ("**Oil Change Technicians**"). They serviced cars at Defendant's dealership.  The Oil Change Technicians were paid hourly and a commission and were not paid overtime.  Management personnel of Defendant was aware the Oil Change Technicians worked more than 40 hours a week and was aware the Defendant was not paying them overtime.

    1.2. The work of Oil Change Technicians is non-exempt work. As such, the FLSA requires that Oil Change Technicians be paid overtime. The Oil Change

Technicians did not meet the exemption for "commission" employees at a retail or service establishment because their commission pay was less than 50% of their hourly pay.

1.3. Defendant's policy was to not pay overtime to Oil Change Technicians.

## 2. Parties.

2.1. Plaintiff is an individual residing in Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as an hourly-paid catering staff employee. Plaintiff's written consent to become a party plaintiff is attached as Exhibit A.

2.2. The Class Members are other Oil Change Technicians that were employed by Defendant at its Chrysler, Jeep, Dodge dealership in Plano, Texas.

2.3. Defendant is a corporate entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA. Defendant's address is 4500 West Plano Parkway, Plano Texas.

## 3. Jurisdiction and Venue.

3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

3.2. Defendant carries on substantial business in the Eastern District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

4. **Coverage.**

4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and Defendant has had and has an annual gross volume of sales made or business done of not less

than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5. Defendant is an automobile dealership. Two or more of Defendant's employees, including Plaintiff, engage in commerce by using and servicing equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

    4.5.1. cars that have been manufactured and shipped across state lines;

    4.5.2. lubrication equipment that has been manufactured and shipped across state lines;

    4.5.3. computers that have been manufactured and shipped across state lines;

    4.5.4. office equipment, such as copiers, that has been manufactured and shipped across state lines;

    4.5.5. the interstate telephone systems, landline and cellular, to solicit customers;

    4.5.6. the United States postal system to send mail across state lines; and

    4.5.7. the interstate banking systems to receive funds from customers and to pay Defendant's employees.

4.6. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207 because he regularly serviced cars that traveled in interstate commerce.

 4.7. Plaintiff was employed by Defendant from approximately February 2015 through approximately July 2017.

5. **Factual Allegations.**

 5.1. Defendant is an automobile dealer.

 5.2. Plaintiff worked for Defendant servicing cars in the oil change area at Defendant's Plano, Texas dealership.

 5.3. Plaintiff was paid both hourly and on a commission basis.

 5.4. Plaintiff's commission were less than 50% of his compensation.

 5.5. Defendant did not pay Plaintiff, and similarly situated employees, time-and-one-half their regular rate of pay for the hours that Plaintiff and similarly-situated employees worked over 40 hours a week.

 5.6. Plaintiff regularly worked in excess of 40 hours a week. For example, for the week 11-2-2106 through 11-29-2016, Plaintiff worked 44.32 hours.  He was paid straight time for those hours.

 5.7. Other Oil Change Technicians worked for Defendant, performed the same or similar job duties as Plaintiff and were paid according to the same policy as Plaintiff.

6. **Collective Action Allegations.**

 6.1. Other employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA.  Other Oil Change Technicians were paid in the same manner as Plaintiff, i.e., hourly and commission with no overtime pay

for hours worked in excess of 40 per workweek.  The illegal practices or policies of Defendant have been uniformly imposed on the Class Members.

6.2. The Class Members performed job duties typically associated with non-exempt employees.  Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

6.3. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.4. Defendant's failure to pay the overtime compensation at the rates required by the FLSA from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members.  Thus, Plaintiff's experience is typical of the experience of the Class Members.

6.5. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment.  All Class Members, regardless of their precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiff and the Class Members.

6.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

   **6.6.1. All Oil Change Technicians employed by Defendant (regardless of actual job title) who worked for Defendant within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

6.7. Plaintiff brings this action on behalf of similarly situated employees.

6.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

7. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

   7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

   7.2. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

   7.3. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members. Defendant is aware that Oil Change

Technicians are non-exempt employees and are required to receive overtime. Defendant was aware that the commission exemption was not applicable because Defendant was aware of the hourly and commission earnings of the Plaintiff and Class Members. Defendant was more concerned about profits than complying with the FLSA.

7.4. Defendant did not act in good faith and/or have reasonable grounds for a belief that its actions did not violate the FLSA nor did it act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

8. **Jury Demand.**

8.1. Plaintiff demands a trial by jury herein.

9. **Relief Sought.**

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

9.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

9.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

9.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

9.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

9.1.5. All unpaid wages and overtime compensation;

9.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

9.1.7. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

9.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

9.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**Designated as Lead Attorney**

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

-and-

JACK SIEGEL
Texas Bar No. 24070621
SIEGEL LAW GROUP PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

**Attorneys for Plaintiff**